AUGUST LIND v. O. N. JOHNSON AND OTHERS.
ARTHUR M. LUNHOLM AND OTHERS, INTERVENERS.[1]

April 17, 1931.

No. 28,356.

*Erland Lind,* for appellants.

*George A.* and *C. H. McKenzie, H. A. Knobel, Thompson, Hessian & Fletcher,* and *John J. McKasy,* for respondents.

[1] Reported in 236 N. W. 317.

WILSON, C. J.

Plaintiff and interveners appealed from a judgment entered upon the pleadings.

From the pleadings it appears: The Oriente Sugar Company was incorporated by virtue of the laws of the Republic of Cuba; that it there operated sugar plantations; that several years ago it sold its holdings and has not since engaged in business; that the stockholders have not met for years, and all the elected directors have died, except that the president, defendant O. N. Johnson, and the secretary-treasurer, defendant C. E. Larson, have continued to perform minor official duties; that these two officers reside in Minnesota; that there are 31,974 shares of capital stock of said corporation owned by 80 persons; that defendant Larson Bros. Lumber Company is a copartnership consisting of defendant C. E. Larson and other persons; that the Lind-Larson Company is a Minnesota corporation and has designated August Lind, plaintiff, as trustee to hold and vote its 12,236 shares of capital stock of said corporation, and that plaintiff prosecutes this action for himself as such trustee and for the benefit of other stockholders; that defendants O. N. Johnson and C. E. Larson as president and secretary-treasurer, respectively, have unlawfully and in common conspiracy loaned money owned by said corporation to defendant O. N. Johnson and to defendant Larson Bros. Lumber Company, the money having been in the hands of said Larson as said treasurer of said corporation; that said O. N. Johnson and said Larson Bros. Lumber Company have given their notes for large amounts so received, and that said Larson as such treasurer now holds such notes, upon which there remains unpaid over $20,000, including interest.

On September 30, 1924, a partial pro rata distribution of the assets of the Oriente Sugar Company was made to its stockholders and that such distribution has been actually made to all stockholders except plaintiff, who is entitled under such distribution to the sum of $12,236; and that the reason why this has not been paid is that there is no cash on hand and said promissory notes constitute substantially all the remaining assets of the said corporation.

The interveners represent 4,319 shares and 1,487 shares, respectively. They make substantially the same claim as the plaintiff.

The Oriente Sugar Company has forfeited its charter, and its corporate existence has terminated. It never qualified under our statute to do business in the state of Minnesota.

Plaintiff and the interveners seek to compel payment of the indebtedness evidenced by said promissory notes, the appointment of a receiver to marshal said corporation's assets in the state of Minnesota, and to convert the same into money, pay its liabilities, and distribute the remaining assets to the stockholders as the court may direct.

■ The rule is well settled that courts have no visitorial power over foreign corporations. Visitation as here used means the act of examining into the affairs of a corporation. Such power belongs exclusively to the state wherein the corporation is created. Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324, 50 A. S. R. 407; State ex rel. Lake Shore T. & T. Co. v. DeGroat, 109 Minn. 168, 123 N. W. 417, 134 A. S. R. 764; Van Dyke v. Railway Mail Assn. 118 Minn. 390, 137 N. W. 15, Ann. Cas. 1913E, 455; Olsen v. Danish Brotherhood, 150 Minn. 8, 184 N. W. 178, 18 A. L. R. 1370; 7 R. C. L. p. 610, § 607(9). The rule is supported by the reason that the law of the state wherein the corporation is organized directly controls the rights arising between the corporation and its members. It is also supported by the better reason that the courts of the state of the corporation's origin afford the most appropriate and efficient forum for the adjudication of such rights. Frequently such courts alone possess power adequate to the enforcement of all necessary judgments. The rule rests upon public policy and efficiency rather than on jurisdictional grounds—more on the want of power to enforce orders rather than on jurisdiction to make them. It is for the protection of the foreign corporation.

But here we are dealing with a dead corporation, not merely a dormant one. The plaintiff does not seek the exercise of any visitorial power over the corporation nor over its internal affairs. The corporation no longer exists. Two alleged delinquent officials

live in Minnesota and have custody of part if not all of the corporate assets. They hold notes substantially against themselves. These assets, under the circumstances, constitute a trust fund for the payment of creditors, if any, and are in law, subject to the rights of creditors, owned by the stockholders. 7 R. C. L. p. 740, § 753 (14) ; 29 Harv. L. Rev. 780; 8 Colum. L. Rev. 222; 35 Harv. L. Rev. 85. The stockholders are the beneficial owners, and equity has always protected such stockholders. In addition to the powers of equity, our statute specifically authorizes the appointment of a receiver of the property in this state of a foreign corporation when it has forfeited its corporate rights. G. S. 1923 (2 Mason, 1927) § 9389 (3).

The plaintiff and the interveners are entitled to relief upon the facts stated. They are entitled to the appointment of a receiver, to have judgment entered in his favor for the amounts of indebtedness represented by said notes, and to have such receiver marshal the corporation's assets in Minnesota and under the direction of the court pay the creditors and distribute the residue to the stockholders of the corporation. If a receiver is appointed the order will of course grant him appropriate power. Stockholders of foreign corporations may prosecute such actions involving the appointment of receivers in proper cases for property located within the state but belonging to a foreign corporation. 14A C. J. pp. 1331, 1335-1338, and §§ 3807, 3808 and 3873; 7 R. C. L. p. 613, § 609, p. 743, § 756, p. 744, § 758. There is no reason why local courts cannot wind up the affairs of a foreign corporation so far as they are within its jurisdiction. 8 Fletcher, Cyc. Corp. p. 9141, § 5531 (64) ; Tasler v. Peerless Tire Co. 144 Minn. 150, 174 N. W. 731. Whether the action is a pure stockholders' suit within the meaning of 33 Yale L. J. 580, we need not consider.

■ The fact that the Oriente Sugar Company failed to comply with G. S. 1923, §§ 7493-7494, as amended by L. 1927, p. 258, c. 171, 2 Mason, 1927, id. is immaterial. The corporation is not prosecuting this action. The plaintiff and the interveners, and other stockholders for whom they are also acting, are the beneficial owners of the assets involved. It is doubtful if the statute could have any

application to any corporation which has forfeited its charter. It is equally doubtful if it could be said that this corporation has ever engaged in business in Minnesota within the meaning of the statute. It is sufficient however to state that the controversy is now between individuals and that the corporation as such is not before the court.

Reversed.