David Weinstein, Appellant, Respondent, *v.* The Aeolian Company and Others, Respondents, Appellants, Impleaded with Manufacturers Trust Company, Defendant.

Second Department, February 8, 1935.

*Henry B. Lamm,* for the plaintiff.

*George D. Beattys,* for the defendants.

Per Curiam. This is an action by a stockholder against The Aeolian Company, a foreign corporation, and the members of its board of directors. The amended complaint pleads two causes of action — the first for a judgment of rescission of plaintiff's consent to the reorganization plan adopted July 20, 1932, and for a rescission of the transaction whereby plaintiff exchanged fifty shares of the preferred stock of said company for fifty shares class A preferred stock and certain notes of said corporation, because of alleged fraud and misrepresentations made to plaintiff by the officers and directors of said corporation, upon which plaintiff relied in making such exchange. The second cause of action is by plaintiff as a stockholder of said corporation against the said corporation and the individual defendants, who are directors thereof, for the benefit of said corporation and all other stockholders, to enjoin defendants from paying to the holders of preferred class A stock any interest

on the notes that were issued with said stock under the said plan of July 20, 1932; for an adjudication that the individual defendants who are the officers and directors of said corporation repay to the corporation all interest paid on said notes, and for other equitable relief, including an accounting by the directors to the corporation for all sums improvidently transferred to the Aeolian Weber Piano and Pianola Company (sued as the International Holding Company of Garwood), in which company it is alleged said officers and directors, or some of them, are or were financially interested; for an accounting of all sums expended in the process of endeavoring to make the said plan of July 20, 1932, effective; for the value of all benefits bestowed upon affiliated corporations not wholly owned by defendant The Aeolian Company; for all excessive and duplicated salaries received by the officers of said corporation, and all other sums improperly expended by them; for the appointment of a receiver to liquidate the assets of said corporation to the extent necessary to restore its preferred stock, and that the voting trust of the common stock of the defendant corporation be dissolved. Defendants moved for dismissal of the complaint on the ground that both causes of action involve the management of the internal affairs of a foreign corporation, namely, defendant The Aeolian Company, a corporation organized under the laws of the State of Connecticut.

The Special Term denied the motion as to the first cause of action and granted the motion as to the second cause of action, on the ground that its allegations involve the management of the internal affairs of a foreign corporation.

In our opinion, neither of said causes of action involves the affairs of the said corporation to such an extent that the courts of this State, in the exercise of a sound discretion, should decline to entertain jurisdiction of this action. Both causes of action are in equity, the first for the rescission of plaintiff's exchange and surrender of shares of preferred stock for class A preferred stock and certain notes, because of alleged fraud by the defendants, which induced plaintiff to make such exchange, and the second for injunctive relief and for an accounting by the officers of The Aeolian Company for the benefit of said corporation and the plaintiff and all other stockholders similarly situated. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 id. 152; *Lind* v. *Johnson*, 183 Minn. 239; 236 N. W. 317; *Powell* v. *United Assn. of Plumbers & Steamfitters*, 240 N. Y. 616; *Cuppy* v. *Ward*, 187 App. Div. 625; *Lewisohn Bros.* v. *Anaconda Copper Mining Co.*, 26 Misc. 613; *Williamson* v. *Missouri-Kansas Pipe Line Co.*, 56 F. [2d] 503; *Ernst* v. *Rutherford & B. S. Gas Co.*, 38 App. Div. 388.)

The order, in so far as it denies the motion to dismiss the first cause of action set forth in the amended complaint, should be affirmed, without costs, and in so far as it grants the motion to dismiss the second cause of action the order should be reversed on the law and the facts, with ten dollars costs and disbursements to plaintiff, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Order, in so far as it denies the motion to dismiss the first cause of action set forth in the amended complaint, affirmed, without costs. In so far as it grants the motion to dismiss the second cause of action, the order is reversed on the law and the facts, with ten dollars costs and disbursements to plaintiff, and the motion denied, with ten dollars costs.