## C. J. SANDERS v. PACIFIC GAMBLE ROBINSON COMPANY.

84 N. W. (2d) 919.

July 19, 1957—No. 37,013.

*Perry R. Moore* and *Mackall, Crounse, Moore, Helmey & Palmer,* for appellant.

*Worth K. Rice* and *Sanborn, Jackson & Rice,* for respondent.

MURPHY, JUSTICE.

The plaintiff, a large stockholder in the defendant corporation, brought an action to compel the corporation to allow the plaintiff to inspect its books and records so that he could ascertain the remuneration and other benefits received by the officers of the corporation. The trial court granted the plaintiff a peremptory writ of mandamus ordering the defendant corporation to make its books and records available for inspection by the plaintiff or his agent at a reasonable time at the de-

fendant's place of business in Seattle, Washington. The defendant appeals from the judgment.

The defendant is a foreign corporation, incorporated in Delaware, and authorized to do business in this state. Its principal place of business appears to be in the State of Washington. The defendant does not dispute the fact that it does a substantial amount of business in Minnesota and that it is subject to service of process here. The books and records of the corporation are located in Washington and the secretary-treasurer, who is the custodian of the books and records, resides in and is a citizen of that state. However, two of the principal officers of the corporation, the president and the vice president, are reputed to reside in Minnesota.

The defendant admits that the parties are properly before the court and therefore the court has jurisdiction to decide whether the right to inspection exists. The defendant seeks to have the judgment set aside on the ground that it constitutes an improper exercise of the judicial discretion of the trial court in that it orders a foreign corporation to perform a positive act in another state, requiring its performance at a place and under circumstances beyond the court's territorial jurisdiction. The defendant also argues that there may be doubt as to whether or not the books and records referred to have been preserved; that the information requested may be of value to competitors; that the secretary-treasurer who is the custodian of the books has not been made a party to the action; that the provisions of the writ are not clear and may require the interpretation of a local court; that questions arising under the enforcement of the writ might require the advice of a certified public accountant; and that the actual supervision in carrying out the provisions of the writ against the foreign corporation present problems as to enforcement over which the Minnesota court has no control. It is darkly suggested that the plaintiff may be simply a trouble-maker and that "He may be seeking to force someone to buy his shares at an exorbitant price. He may be wishing to start a shareholders' fight for control as so often happens in these days."

■   It is well established that a stockholder has a common-law right to inspect and examine the books and records of the corporation at a

proper time and place and for a proper purpose.[1] This common-law right which is referred to as an incident of stock ownership or membership in a corporation is discussed at length in State ex rel. G. M. Gustafson Co. v. Crookston Trust Co. 222 Minn. 17, 22 N. W. (2d) 911. See, also, State ex rel. Boldt v. St. Cloud Milk Producers' Assn. 200 Minn. 1, 273 N. W. 603; Guthrie v. Harkness, 199 U. S. 148, 26 S. Ct. 4, 50 L. ed. 130; 18 C. J. S., Corporations, § 502.

■ The common-law right of inspection should be granted where the request is made in good faith, for a specific purpose, and where it is not made for a vexatious purpose or to gratify curiosity; the object of the inspection should be germane to the stockholder's interest and not inimical to the interests of the corporation itself. 18 C. J. S., Corporations, § 503; 13 Am. Jur., Corporations, § 436.

The record in this case contains nothing which would indicate that the plaintiff has sought the writ in bad faith or that he is not entitled to the relief he seeks. He became associated with the defendant and its predecessor corporation in 1913. He is a former president of Gamble Robinson, Limited, which is a wholly owned subsidiary of the defendant corporation operating in Canada. He is the owner of approximately 7,000 shares of stock having a par value in the neighborhood of $12 per share. Although he has requested information from the corporation with reference to salaries and bonuses paid to officers, this information has been denied to him. From conversations had with the corporate attorney, he has testified that the defendant was not going to voluntarily give him information with reference to salaries or profit-sharing plans involving a division of profits. When asked when he first became interested in getting information as to what the officers of the corporation received as salaries, he said: "Well, I had a very substantial interest in the company which represented pretty well the best part of a

---

[1]This right has been recognized by statute in Minnesota, M. S. A. 300.32, which provides: "In all stock corporations the directors shall cause accurate and complete records to be kept of all corporate proceedings and of all stock subscribed, transferred, canceled, or retired and proper books, accounts, files, and records of *all other business transacted*. All such books and records shall, at all reasonable times and for all proper purposes, be open to the inspection of any stockholder. * * *" (Italics supplied.)

lifetime's efforts, and naturally became concerned about it when the company earnings started to deteriorate rather badly." The inspection would not inconvenience the defendant, since the plaintiff is willing to travel to Washington to examine the books there.

The record compels the conclusion that the plaintiff has a substantial interest in the corporation which entitles him to information as to its condition and the value of his interest. He has a right of inspection of the books and records of the defendant corporation for the purpose of acquiring this information.

■ Was it an improper exercise of judicial discretion for the Minnesota court to issue a writ of mandamus to compel the inspection of books and records of a foreign corporation at a place beyond its territorial jurisdiction? In Restatement, Conflict of Laws, § 94, it is stated that:

"A state can exercise jurisdiction through its courts to make a decree directing a party subject to the jurisdiction of the court to do an act in another state, provided such act is not contrary to the law of the state in which it is to be performed."

In the comment to this section it is explained that usually a court will refuse to exercise its jurisdiction to order an act to be done in another state, but that it has jurisdiction and can exercise it in some situations. The factors which influence the court are said to be convenience, economy, and justice between the parties.

■ A court can exercise its jurisdiction in a matter affecting only an individual stockholder's rights under the contract by which the stock was issued without violating the rule that a court shall not exercise visitorial powers over foreign corporations or interfere with the management of their internal affairs. Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324. In that case the foreign corporation was ordered to issue to the plaintiff new certificates for shares of stock which he owned and had lost. In another case this court held that it would be proper for the trial court to assume jurisdiction and order a foreign corporation to transfer on its books, which were apparently outside of this state, certain stock which the plaintiff had purchased from one to whom the corporation had issued it. Baer v. Waseca

Milling Co. 143 Minn. 483, 171 N. W. 767, 173 N. W. 401.

Other jurisdictions have held that compelling a foreign corporation to allow a stockholder to inspect its books does not constitute a regulation of the internal affairs of the corporation. E. g., Swift v. State ex rel. Richardson, 12 Del. (7 Houst.) 338, 6 A. 856, 32 A. 143, 40 A. S. R. 127; Andrews v. Mines Corp. 205 Mass. 121, 91 N. E. 122; Machen v. Machen & Mayer Elec. Mfg. Co. 237 Pa. 212, 85 A. 100, 42 L. R. A. (N.S.) 1079. In these cases the books of the foreign corporation were located within the state of the forum. However, the location of the books certainly does not make any difference as to the question of whether the court was interfering in the internal affairs of the corporation by ordering it to allow a stockholder to inspect the books. The trial court did not violate the rule prohibiting the regulation of the internal affairs of a foreign corporation by entering the order in this case. As the Massachusetts court said in the Andrews case (205 Mass. 122, 91 N. E. 123):

"* * * In order to enforce it, the court is not called upon to investigate the internal affairs of the corporation, or to make any order that affects it in the management of its business, or in the relations of stockholders to one another."

The case of Securities & Exchange Comm. v. Minas De Artemisa (9 Cir.) 150 F. (2d) 215, is very similar to the instant case. In that case, the Securities and Exchange Commission had issued a subpoena to a Mexican corporation ordering it to produce certain of its books and records so that the commission could determine whether the corporation had violated the Securities Act of 1933, 15 USCA, § 77a, et seq. This was a mining corporation. All of the business was conducted in Arizona except the actual operation of the mine, which was in Mexico. The books and records of the corporation were located in Mexico. The president of the corporation, who was served in Arizona, refused to produce the books and records. The commission filed an application for an order enforcing the subpoena. The application was dismissed, but on appeal the dismissal was reversed. The court held that the commission had the power to order the production of the books and records even though they were in a foreign jurisdiction unless the

Mexican authorities would not authorize the corporation to take the books out of Mexico, in which case the court stated that the corporation should be ordered to permit the commission to inspect the books at the Mexican office of the corporation and to make copies of such records as the commission desired. The court made the following statement (150 F. [2d] 217):

"* * * Courts have frequently required persons within their jurisdiction to produce books and papers which were beyond the territorial limits of the court, even in cases where the documents were located in a foreign country."

In Independent Order of Foresters v. Scott, 223 Iowa 105, 272 N. W. 68, the trial court ordered a Canadian corporation with its books and records located in Canada to produce the books in an action for accounting. The corporation brought certiorari to contest the validity of the order. The Supreme Court of Iowa affirmed the trial court, stating (223 Iowa 120, 272 N. W. 77):

"* * * That the Corporation may not comply with the order of the trial court and that the court may be unable to enforce its order, is not an adequate reason for annulling the order. The order fixes the rights of the plaintiffs and it is unnecessary for us to assume in advance that the Corporation will refuse to comply with the terms of the order."

See, also, Hobbs v. Tom Reed Gold Min. Co. 164 Cal. 497, 129 P. 781, 43 L. R. A. (N. S.) 1112; Consolidated Rendering Co. v. Vermont, 207 U. S. 541, 28 S. Ct. 178, 52 L. ed. 327; Hammond Packing Co. v. Arkansas, 212 U. S. 322, 29 S. Ct. 370, 53 L. ed. 530.

The defendant contends that Independent Order of Foresters v. Scott, *supra,* and Securities & Exchange Comm. v. Minas De Artemisa, *supra,* are not controlling because those cases do not deal with writs or judgments but with discovery proceedings which invoke the investigatory powers of the courts. Why there should be a difference or distinction which would require treating the two proceedings differently has not been pointed out. Both a subpoena and a writ of mandamus are processes employed in the administration of litigation for the purpose of compelling appearances before it or compliance with its demands. M. S. A. 303.02, subd. 6; Hanna v. Russell, 12 Minn. 43 (80).

■ While it is not seriously suggested by the defendant corporation that it is disposed to be refractory and would resist compliance with the judgment of the district court, they point out nevertheless that, because the Minnesota court has no means of punishing the defendant for refusal to obey the order, it should be vacated because it might be ineffective and therefore reflect against the integrity of the court. While the question is not before us, it might be observed that it may not be safe to assume our courts do not have jurisdiction to punish for contempt under circumstances here present.[2] It is enough to observe that the trial court was warranted in assuming that under the policy of comity the courts of Washington would defer to its order.

Where the essential merits of the plaintiff's rights are as compelling as they are here we do not think the court erred in granting the relief asked because the court could not act directly at the place where the act required was to be carried out. The plaintiff was not only entitled to the relief requested but was reasonable in his demand as to the conditions and circumstances under which it should be granted. He does not seek to interfere in the internal administration of the corporation in any respect. He asks merely that he be given information as to the salaries and compensation of officers and directors of the company and that this information be supplied to him at a convenient time and place in Seattle where the records of the company are kept.

One jurisdiction has held that a court may not order a foreign corporation to produce its books and records when they are located outside of the jurisdiction of that court. State ex rel. Watkins v. North American Land & Timber Co. 106 La. 621, 31 So. 172. However, we do not find this opinion persuasive and we choose not to follow it. The judgment in the case before us recognizes the undoubted right of a

---

[2]As to whether or not the Minnesota court would have jurisdiction to punish a foreign corporation in this state for contempt by refusing to obey a writ of the nature involved here has not been decided but would require an examination of M. S. A. 588.01, subd. 3(3), which defines constructive contempt as "Disobedience of any lawful judgment, order, or process of the court," as well as § 303.18, subd. 1(4),(5), relating to punitive action against a foreign corporation offending against local statutes and intentional violations of "any provision of law." See, 38 Harv. L. Rev. 611, 612.

stockholder to inspect records of the corporation for the good-faith purpose of protecting his interests. The judgment does not test the right of any officer or director of the corporation with reference to performance of his duties or his right to receive such salary, bonuses, or benefits which are the subject of inquiry; nor does it seek to enforce or to construe a law of the State of Washington, or to exercise visitorial power over the corporation. It is significant that the defendant asserts no substantial reason why the plaintiff should not be permitted to inspect its records. Under the circumstances we cannot say that the court abused its discretion in granting the writ.

It is contended that the writ should have been denied because the plaintiff is a resident of Canada and that his status is such that he is not entitled to the indulgence of the court's discretionary order in a matter of this kind. The plaintiff's attorneys reside in Minnesota and, while the record does not show what local ties he may have which have prompted him to institute the action here, the fact remains that he is not incapacitated in any way from maintaining the suit here and is permitted by comity to maintain the action in our court.

Affirmed.