Mario Pittoni, J.
Motion to compel the plaintiff to accept answers- from the individual defendants in a representative stockholder’s action and cross motion for judgment.
The corporate defendant is a Connecticut corporation. On February 25, 1957, the corporate defendant moved before Mr. Justice Hill to dismiss the complaint under section 237-a of the Civil Practice Act. Mr. Justice Hill referred the motion to an Official Referee. On June 18, 1957 by opinion and on July 2, 1957 by order, Mr. Justice Hill, confirmed the report of the Official Referee rendered on May 29, 1957 and denied the motion. A copy of the order was served on the corporate defendant on July 10, 1957. On July 19, 1957, the individual defendants served answers which they contend were permissible and timely under the provisions of section 237-a.
*254 It is the contention of the movants that when the motion under section 237-a was made by the corporate defendant, all proceedings were stayed not only as to the corporate defendant but as to them. The language of section 237-a to which particular reference is made is that part of subdivision 5 which reads “ A notice of the motion made pursuant to this section * * * shall operate to stay all further proceedings in the action until the expiration of ten days after service of a copy of the order deciding the motion and a written notice of the entry thereof; * * * If the motion is denied, the defendant may serve an answer, as - a matter of right, before the expiration of ten days after service of a copy of the order deciding the motion and a written notice of the entry thereof.” (Emphasis supplied.)
Considering the entire section, its purpose and language, the court believes it to be clear that the only defendant to be bene-fitted by a stay of proceedings and by permission to serve an answer after the denial of the motion is the defendant who makes the motion. The individual defendants were not parties to the motion. In fact, on the return date of the motion (February 25, 1957) they were in default as their time to answer had expired on February 15, 1957, the date on which the corporate defendant served its notice of motion.
Another belief which the movants apparently had was that a granting of the corporate defendant’s motion would make it unnecessary for them to serve an answer. Such belief is not in accord with the law. While it is true that New York courts have declined jurisdiction of actions involving the internal management of foreign corporations, it has entertained representative actions against directors who have breached their fiduciary duty resulting in a waste of corporate assets (Goldstein v. Lightner, 266 App. Div. 357, affd. 292 N. Y. 670).
The defendants ’ motion is denied with permission to the m' ants to apply at Special Term to open their default withi . 10 days after the service of a copy of the order to be entered hereon.
In view of the permission afforded the defendants, the cross motion is denied without prejudice to a renewal at the same time or after the decision on the defendants’ motion to open their default.
Settle order on notice.