■ Samuel Gilbert, as Stockholder of Glen Alden Corporation, Suing on Behalf of Himself and All Other Stockholders, Respondent, v. Frank Burnside et al., Defendants, and List Industries Corporation et al., Appellants.— Action by respondent, allegedly the holder of 100 shares of stock of appellant Glen Alden Corporation out of the more than 1,700,000 shares issued and outstanding, "suing on behalf of himself and all other stockholders of said Corporation", to recover money damages arising out of a proposed purchase by that corporation of the assets of appellant List Industries Corporation or, in the alternative, for an injunction against consummating the transaction. The appeals are from so much of an order as denied appellants' cross motions to dismiss the complaint and as granted respondent's motion for an injunction *pendente lite* upon the filing of an undertaking in the sum of $2,500. Order modified (1) by striking therefrom the first ordering paragraph and by substituting therefor a provision dismissing the complaint for failure to state facts sufficient to constitute a cause of action, and (2) by striking therefrom the third ordering paragraph and by substituting therefor a provision that the motion for an injunction *pendente lite* is denied. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants, with leave to respondent to serve an amended complaint, if he be so advised, within 20 days from the entry of the order hereon, upon the payment of such costs and disbursements. In our opinion the cause of action alleged is a derivative one, in the right of the corporation, and is not a representative one, in the right of the individual stockholders. (Cf. *Niles* v. *New York Cent. & Hudson Riv. R. R. Co.*, 176 N. Y. 119, 123–124; *Kavanaugh* v. *Commonwealth Trust Co. of N. Y.*, 181 N. Y. 121, 123; *Pletman* v. *Goldsoll*, 37 N. Y. S. 2d 781.) The complaint, however, expressly alleges that "this is a representative action, with plaintiff acting in a representative capacity, as it is based upon a primary or personal right belonging to the plaintiff-stockholder and those of his class" and that "this is a representative suit, not a derivative one". Under such circumstances, where the complaint is insufficient upon the theory explicitly pleaded, the court should not attempt to sustain it upon a theory expressly disclaimed. (Cf. *Marciano* v. *Metropolitan Life Ins. Co.*, 179 Misc. 758, 759.) The complaint being insufficient as to all the defendants, it should be dismissed as against all the appellants, since they all moved for dismissal, even though some of them did not rely upon the insufficiency of the complaint as a ground for that relief. We are also of the opinion that there was no abuse of discretion by the Special Term in denying the motion to dismiss, insofar as the motion was based upon the claim that the court should refuse to take jurisdiction of the action because it involves the internal affairs of two foreign corporations. (Cf. *Miller* v. *Quincy*, 179 N. Y. 294; *Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Ernst* v. *Rutherford & Boiling Springs Gas Co.*, 38 App. Div. 388; *Weinstein* v.

*Aeolian Co.*, 243 App. Div. 355.) However, in no event, on the record presented, should the temporary injunction, restraining the consummation of the reorganization agreement between the two corporate appellants, have been granted. Not only is there a complete absence of any showing of irreparable injury or loss to respondent, if the agreement is put into effect, but there is evidence of considerable damage to appellants occasioned by the restraining order. Under such circumstances, where it will do greater damage or create greater injury to a defendant to grant it than to a plaintiff to deny it, an injunction *pendente lite* should be refused. (Cf. *Brower* v. *Williams*, 44 App. Div. 337, 340; *Gerken* v. *Hall*, 65 App. Div. 16, 18; *John Aquino. Inc.*, v. *Bosca & Figlia*, 241 App. Div. 760.) Nolan, P. J., Wenzel, Murphy. Hallinan and Kleinfeld, JJ., concur.