Birdie Amsterdam, J.
The defendant, Investors Diversified Services, Inc. (hereinafter called “IDS”), moves to dismiss this action on the ground of forum non convemens or, in the alternative, to stay the action pending the determination of a companion suit pending in the United States District Court for the Southern District of New York, or, in the alternative, to compel the plaintiff to add Investors Mutual, Inc., as an indispensable party and to stay all further proceedings herein until that party is added.
This is a stockholder’s derivative action allegedly brought on behalf of the defendant Investors Mutual, Inc. (hereinafter called “ Mutual ”). The defendants are IDS and the directors of Mutual. IDS serves as Mutual’s investment manager and as the distributor of the shares of Mutual. The complaint charges that the fees and commissions which IDS received for these services were and are excessive, and that the directors caused them to be paid pursuant to a conspiracy to benefit IDS at the expense of Mutual. Plaintiff seeks declaratory relief and an accounting for the defendants’ profits and Mutual’s damages.
The first branch of the motion seeks dismissal of the action on the ground of forum non convemens. IDS shows that the plaintiff is a resident of Missouri. IDS is a Minnesota corporation with its principal place of business at Minneapolis, Minnesota. Mutual is a Nevada corporation which also has its principal place of business in Minneapolis, Minnesota. IDS invokes the doctrine of forum non conveniens on two grounds: (1) that the action involves the regulation of the internal affairs of a foreign corporation; and (2) that plaintiff, as a resident of Missouri, has no good reason for bringing this action in the State of New York.
In opposition to this branch of the motion, plaintiff shows that IDS is licensed to do business in New York and — as appears from the papers on a companion motion decided simultaneously herewith — maintains an office within this State. Plaintiff contends that Mutual is also doing business in New York, and I have so decided and found in the companion motion (29 Misc 2d 962). Plaintiff contends that he had to bring this action in New York because two important codefendants, Eppler and Purcell, are New York residents or have places of business here and cannot be served with process in Minnesota. Plaintiff denies that the action involves the internal affairs of either IDS or Mutual. Plaintiff’s complaint attacks the reasonableness of the compensation which IDS received from Mutual for its services. I find it difficult to conclude that the relationship between these two companies involves the “internal affairs” *976 of either of them. In any event, the law is well settled that a stockholder’s derivative action such as this does not involve the internal affairs of the corporation in whose behalf it is brought. It was held in Goldstein v. Lightner (266 App. Div. 357, 358, affd. 292 N. Y. 670) that “ there was no justification for the dismissal of the first cause of action, which is a derivative suit in behalf of the corporation, to recover from defendant directors of a foreign corporation damages for the breach of their fiduciary duty resulting in waste of the corporate assets. To this cause of action the doctrine of forum non conveniens does not apply. (Cuppy v. Ward, 187 App. Div. 625, 632, affd. 227 N. Y. 603; Hamm v. Christian Herald Corp., 236 App. Div. 639, 642; Weinstein v. Aeolian Co., 243 App. Div. 355, 356.) ”
Similarly, it was held in Weinstein v. Aeolian Co. (243 App. Div. 355, 356): “In our opinion, neither of said causes of action involves the affairs of the said corporation to such an extent that the courts of this State, in the exercise of a sound discretion, should decline to entertain jurisdiction of this action. Both causes of action are in equity, the first for the rescission of plaintiff’s exchange and surrender of shares of preferred stock for class A preferred stock and certain notes, because of alleged fraud by the defendants, which induced plaintiff to make such exchange, and the second for injunctive relief and for an accounting by the officers of The Aeolian Company for the benefit of said corporation and the plaintiff and all other stockholders similarly situated.” (To the same effect are Miller v. Quincy, 179 N. Y. 294, 301-302; Tarlow v. Archbell, 47 N. Y. S. 2d 3, 7-8, affd. 269 App. Div. 837, affd. 296 N. Y. 757; Knobel v. Haiti Commerce Co., 89 N. Y. S. 2d 612; North v Ringling, 187 Misc. 621; Sher v. Tilles, 8 Misc 2d 253; Wagner v. Braunsberg, 5 A D 2d 564; Frank v. American Commercial Alcohol Corp., 152 Misc. 123. See Williams v. Green Bay & Western R. R. Co., 326 U. S. 549; 2 Hornstein, Corporation Law and Practise, § 588, pp. 86-87.)
The internal affairs doctrine applies only to ‘1 controversies among the stockholders inter sese, or between stockholders as a group and the corporation” (Blue v. Standard Coil Prods. Co., 117 N. Y. S. 2d 858, 860) or where the “ visitorial powers ” of the court are invoked (Sauerbrunn v. Hartford Life Ins. Co., 220 N. Y. 363, 371). Cases of this character include suits to compel a foreign corporation to redeem its stock (Cohn v. Mishkoff Costello Co., 256 N. Y. 102; Lakeman Realty Corp. v. Sunny Isles Ocean Beach Co., 5 Misc 2d 471); suits to compel a foreign corporation to declare a dividend (Strassburger v. Singer Mfg. Co., 263 App. Div. 518); suits attacking the merger *977 of a foreign corporation (Langfelder v. Universal Laboratories, 293 N. Y. 200); suits to enjoin a foreign corporation from making assessments against its members (Sauerbrunn v. Hartford Life Ins. Co., supra); suits to annul the election of the directors of a foreign corporation (Rohlsen v. Latin Amer. Ainoays, 65 N. Y. S. 2d 644).
The present case is not comparable to any of these cited cases. It is similar to the derivative cause of action of which the court retained jurisdiction in the afore-cited case of Goldstein v. Lightner (supra) and related cases. The present suit, I conclude, does not involve the internal affairs of a foreign corporation.
The fact that plaintiff and IDS are nonresidents of New York is not sufficient to justify the rejection by this court of jurisdiction on the ground of forum non conveniens. In the first place, Goldstein v. Lightner (supra) holds that the doctrine of forum non conveniens does not apply to stockholder’s derivative actions. But even if the principle were applicable here, it would not support the dismissal of this action. Unless the balance is strongly in favor of the defendant, the plaintiff’s choice of forum should rarely be disturbed (Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 508). Among the factors to be considered, the Gulf Oil case, just cited, enumerates at pages 508-509 the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of view of premises, if view would be appropriate to the action; the congestion of the calendar of the forum court; the necessity of applying foreign law; and other pertinent matters. IDS has completely failed to show that such circumstances prevail in the case at bar.
An additional obstacle to the application of forum non conveniens lies in the fact that the defendants Eppler and Purcell are New York residents or have their places of business in New York and cannot be served with process in Minnesota. The Gulf Oil case (supra), at pages 506-507 holds: “ In all cases in which the doctrine of forum non conveniens comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them ”, If this court were to dismiss the instant action, plaintiff would then have to bring a new suit in Minnesota. In such action, however, the two individual defendants just named could not be joined. It appears, therefore, plaintiff had good reason to bring this action in New York, where the process of the court can reach all defendants whose presence is deemed *978 necessary by the plaintiff. Plaintiff should not, therefore, be relegated to litigation in Minnesota. As was held in Royal China v. Regal China Corp. (304 N. Y. 309, 313): “it would, under the circumstances here present, be unfair and unjust to close our courts to plaintiff and to relegate it to a forum wherein defendant cannot be served with process ”.
This branch of the motion of IDS is, accordingly, denied.
IDS requests alternatively that this action be stayed pending the determination of a companion suit now pending in the United States District Court for the Southern District of New York. The Federal court action, involving the same parties and the same claims as the present suit, was commenced on July 28, 1960. The present suit was commenced against IDS on September 13, 1960. The progress, or rather lack of progress, of this action and the Federal court action is about the same and it appears no appreciable headway has been made due to the preliminary procedural and jurisdictional objections interposed. In neither case has any of the defendants served an answer and in neither case has an examination before trial or any other discovery proceedings been taken.
It cannot be disputed that the pendency of the Federal court action is no bar to the prosecution of the present suit, even though the Federal cause was first commenced and involves the same parties and the same causes of action (Oneida County Bank v. Bonney, 101 N. Y. 173; General Investment Co. v. Interborough R. T. Co., 200 App. Div. 794, affd. 235 N. Y. 133). This rule would not, however, prevent a stay of this action pending the determination of the Federal suit. The power of the court to stay this action is unquestioned. The application for a stay is addressed to the discretion of the court (Pollak v. Long Is. Light. Co., 246 App. Div. 765; Civ. Prac. Act, § 167). The problem is whether at this stage of the two actions, either is entitled to precedence over the other. The small difference in time between the commencement of the two actions is not decisive (Levy v. Pacifiic Eastern Corp., 154 Misc. 655, 656). Issue has not been joined in either action; no depositions have been taken in either suit. Defendant’s contention that the Federal case is further advanced is wholly without basis. In International Post Card Co. v. Lithograph & Mfg. Co. (144 App. Div. 72, 73), the Appellate Division held: “ Besides, the trial of an action ought not to be stayed until after issue has been joined. Until then it cannot be determined whether there is any necessity for a stay. ’ ’ Anri in American News Co. v. Avon Pub. Co. (140 N. Y. S. 2d 533, 535) the court said: “ The difficulty with defendants-’ position, as I see it, is that their application is premature. Until *979 their answer is interposed and its validity sustained against possible attack by plaintiff, there can be no assurance of such identity of issues as may in the exercise of a proper discretion justify a stay of one action until another be tried.”
"Wholly apart from the prematurity of the stay motion, there are other factors which are persuasive against defendant’s arguments here. The exercise of a State court’s power to stay proceedings therein until determination of an action pending in the Federal court sitting in the same State is not a matter of right (Curlette v. Olds, 110 App. Div. 596) but a matter of comity (General Aniline & Film Corp. v. Bayer Co., 305 N. Y. 479, 485) and discretion (Curlette v. Olds, supra; American News Co. v. Avon Pub. Co., supra; Poliak v. Long Is. Light. Co., supra). In Admiral Corp. v. Reines Distrs. (9 A D 2d 410) it was held as follows (p. 411): “It has long been the recognized rule that a litigant may litigate for the same relief in both State court and Federal court until judgment is obtained in one court, which may be set up as res judicata in the other. (Penn Co. v. Pennsylvania, 294 U. S. 189.) ” In the Admiral Corp. case the appellate court reversed the granting of the stay by the lower court involving an action in the Federal court begun prior in time to the State court action and which involved the same parties and issues. The court stated (p. 412): “A party having a cause of action properly brought in the New York Supreme Court should not be denied the right to be heard there, to his possible delay and detriment and to the possible advantage of his adversary ”. (See, also, Oneida County Bank v. Bonney, supra.)
Moreover, the only basis for a stay here would be to protect IDS from harassment by duplicatory actions in this court and the Federal court. IDS does not contend that it has, up to this time, been subject to any such harassment. However, I deem it of controlling importance that counsel for the plaintiff has offered to counsel for IDS to stipulate for a stay of the Federal action pending the determination of the instant suit. Counsel for IDS has rejected this offer. While IDS has a legitimate interest not to be harassed by duplicatory and simultaneous litigation in the State and Federal courts, the offer made by counsel for plaintiff fully would protect that interest.
Apparently IDS prefers to litigate in the Federal court. This court will exercise its power to grant a stay where that is necessary to protect a party from the burden of multiple litigation. But the court will not exercise its discretion to assist one of the parties in selecting a forum which, for reasons of its own, it deems more advantageous. Since the status of both actions *980 is at the preliminary stages before issue joined, as herein-before discussed, I find no merit in defendant’s arguments for a stay.
One more factor bears discussion: the fact that in the Federal court action, reference is made to the Federal law (the Investment Company Act of 1940 [U. S. Code, tit. 15, § 80a-l et seq.]) as one of the bases for the jurisdiction of that court as an important consideration for the stay requested here. I am not persuaded that the possible need of applying such Federal law gives a preference to the Federal court action. State courts have concurrent jurisdiction of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of said Federal law of 1940 (§ 80a-43). IDS quotes, in this context, a dictum from General Aniline & Film Corp. v. Bayer Co. (305 N. Y. 479, supra) which, in a ease involving the Federal antitrust laws, suggests a possible preference for Federal adjudication. This suggestion is not pertinent here, since Federal jurisdiction under the antitrust laws is exclusive (U. S. Code, tit. 15, §§ 4, 15; Barns v. Dairymen’s League Co-op. Assn., 220 App. Div. 624), whereas, as afore-stated, the Investment Company Act confers jurisdiction equally upon the State and the Federal courts (U. S. Code, tit. 15, § 80a-43). I, therefore, deny the motion in its branch for a stay of this action.
In its final aspect, IDS moves to compel plaintiff to join Mutual as a defendant herein. Mutual has already been so joined. Its motion to set aside the service on it of the summons and complaint herein (Civ. Prac. Act, § 229) has been denied by my decision in the companion motion rendered simultaneously herewith (29 Misc 2d 962). Accordingly, the motion of IDS to compel the joinder of Mutual as an indispensable party defendant is denied as moot.
For all of the reasons herein stated, defendant’s motion is denied in all respects. IDS may serve its answer to the complaint within 20 days from the date of service of a copy of this decision and order, with notice of entry.