Geobge Beisheim, J.
Plaintiff has instituted an action for a permanent injunction and moves herein for a temporary injunction pendente lite restraining the defendant from continuing to serve as Chairman of the Zoning Board of Appeals of the Town of Stony Point and directing him to relinquish said chairmanship to one Louis Keller, who the plaintiff town claims to be the duly appointed Chairman.
The facts as set forth in the moving papers and the affirmation submitted in opposition thereto are not in dispute.
On September 13,1961, the Town Board of the Town of Stony Point adopted a zoning ordinance effective October 22, 1961, containing, inter alia, section 39-72, which reads as follows:
1 ‘ A. Organization. Pursuant to the provision of the Town Law applicable thereto there is hereby established a Board of Appeals *491 of five (5) members to be appointed by the Town Board. Such Board of Appeals at its first meeting in each year shall designate one of such Board members to be Chairman until the first day of January next succeeding such designation.”
Pursuant to the aforesaid ordinance, the defendant, at the first meeting of the Zoning Board of Appeals in the year 1972 was designated by the members of that board as its Chairman for the calendar year 1972.
At a regular meeting of the Town Board held on January 12, 1972, one Louis Keller was appointed to fill a vacancy which would occur on the said Zoning Board of Appeals on January 30, 1972, and at the same meeting of the Town Board, Louis Keller was designated as Chairman of the Zoning Board of Appeals, presumably effective as of January 30, 1972, the date when he was designated to become a member of the said Board of Appeals.
The plaintiff town asserts that its action in appointing Louis Keller as Chairman of the Zoning Board of Appeals was made pursuant to subdivision 1 of section 267 of the Town Law which reads, in part, as follows: “ Such town board shall appoint a board of appeals consisting of five members, shall designate its chairman and may also provide for compensation to be paid to said members, experts, clerks and a secretary.”
Although this court has found no New York decision interpreting subdivision 1 of section 267 of the Town Law, such statute on its face seems clear that the Chairman of a Zoning Board of Appeals of a town shall be designated by the Town Board.
It seems a settled principle of law that a body granted the power of appointment of certain municipal officers cannot delegate that power to another officer or another body (3 McQuillin, Municipal Corporations, ch. 12, §§ 12-71, 12-72; accord, 1970 Opns. A tty. Gen. [Inf. Opns.] 140). The Attorney-General, in response to an inquiry of the Town of Camillus as to whether a Zoning Board of Appeals or a Town Board had the power of appointment of a secretary to the Zoning Board of Appeals, stated: “Ido not conclude that this language [i.e., Town Law, § 267, subd. (1)] may be construed as providing by law for the appointment of the persons mentioned therein by the Board of Appeals * * * I conclude that the power to appoint a secretary to a Town Zoning Board of Appeals lies with the Town Board of such town.”
Accordingly, this court finds that paragraph “A.” of section 39-72 of the zoning ordinance of the Town of Stony Point is *492 invalid insofar as it provides “ Such Board of Appeals at its first meeting in each year shall designate one of such Board members ,to be Chairman until the first day of January next succeeding such designation ”.
It may be that plaintiff’s action should have been for a declaratory judgment rather than an injunction. However, plaintiff in its motion papers states that the Zoning Board of Appeals has been unable to act since February 17, 1972, and that there are about 25 applications pending before said board which have been held in abeyance pending the resolution of the question as ,to whether defendant or Louis Keller is the Chairman of said Board of Appeals. Under these circumstances, the court finds that plaintiff has met the test handed down by the Appellate Division, Second Department, in Albini v. Solork Assoc. (37 A D 2d 835), to wit: “ (1) likelihood of his ultimate success on ,the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) a balancing of equities (Park Terrace Caterers v. McDonough, 9 A D 2d 113; Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905; Gilbert v. Burnside, 6 AD 2d 834).”
Accordingly, the court grants plaintiff’s motion for an injunction pendente lite restraining the defendant, William McDonnell, from continuing to serve as Chairman of the Zoning Board of Appeals of the Town of Stony Point and directs him to relinquish said chairmanship to Louis Keller, the Chairman duly designated by the Town Board of the Town of Stony Point. Nothing in this decision, however, shall interfere with the rights of William McDonnell to continue to act as a member of said Zoning Board of Appeals.