Hon. Frank J. Ryan Town Attorney, Town of Cortlandt
This is in reply to your letter in which you seek this office's opinion as to whether a Deputy Town Attorney must be a resident of the Town in which he serves. You state that the senior Deputy Town Attorney of the Town of Cortlandt in Westchester County desires to move his residence from the Town of Cortlandt to an adjoining town in Putnam County.
The Town Board of every town in the State of New York is authorized by section 20, subd 2, par (a), of the Town Law to establish the office of Town Attorney and to establish the salary for such officer. Larger towns are also authorized by the section to appoint deputy town attorneys. There is no question that Town Attorneys are public officers and as such must generally be residents of the Town in which they hold office (Town Law, § 23; Matter of Sullivan v Taylor, 279 N.Y. 364 [1939]; 1977 Op Atty Gen [Inf] 82).
Pursuant to section 9 of the Public Officers Law a Deputy Town Attorney would have the authority to perform the duties of the Town Attorney in the latter's absence or in the case of his inability to act. It is, therefore, the opinion of this office that a Deputy Town Attorney is also a public officer and would be required to be a resident of the Town in which he serves (see, 1976 Op Atty Gen [Inf] 327).
The specific provision of law which requires town officers to be electors of the Town in which they serve is contained in section 23 of the Town Law. Section 23 provides an exception to the residence requirement for the office of Town Attorney where there is no resident attorney in the Town. Your letter indicates that this is not the case in the Town of Cortlandt and the exception would, therefore, not be applicable in the situation which you have described to this office.
In a recent telephone conversation you have further requested this office's opinion as to whether the Town Board could appoint your Deputy Town Attorney to the position of Counsel to the Town's Zoning Board of Appeals if he is required to vacate the office of Deputy Town Attorney because he is no longer a resident of the Town of Cortlandt. Section 20, subd 2, par (a), of the Town Law authorizes town boards to employ counsel to the Town Attorney in respect to "any particular subject matter, proceeding or litigation * * *".
It is the opinion of this office that any employment of an attorney by the Town Board for the purpose of acting in relation to a particular subject matter, such as zoning appeals, would constitute employment of the attorney as "counsel to the Town Attorney". It is noted that Town Boards of Zoning Appeals do not have authority to appoint their own counsel (see, e.g., Town of Stony Point v McDonnell, 70 Misc.2d 490
[Rockland Co., Sup. Ct., 1972]; 1970 Op Atty Gen [Inf] 140; 32 Op St Compt 16 [1976]).
Section 23 of the Town Law, which excepts the position of Town Attorney from the general requirement that town officers must be electors of the Towns in which they serve if there is no resident attorney in the Town, also excepts "such counsel as may be employed" from the residence requirement under the same circumstances. The section clearly implies that, if there are resident attorneys in the Town, any attorneys appointed as counsel to the Town Attorney by the Town Board must be residents of the Town.
In a 1977 informal opinion of this office, it was stated that:
 "The position of counsel to the town attorney is also required by the statute to have the same residency requirements applicable to the office of town attorney." (1977 Op Atty Gen [Inf] 82, 83.)
In view of the foregoing it is the opinion of this office that a former Deputy Town Attorney, who was required to vacate his office as such because he changed his residence, could not subsequently be appointed counsel to the Town's Board of Zoning Appeals by the Town Board.