Richard AMATUZIO, Appellant,

v.

Albert AMATUZIO, et al., Respondents.

No. C9–87–229.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Review Denied Oct. 28, 1987.

Edward M. Glennon, Richard T. Ostlund, Lindquist & Vennum, Minneapolis, for appellant.

Eric J. Magnuson, Richard J. Nygaard, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Richard Amatuzio (Richard), minority shareholder in Amsoil Company, Inc. (Amsoil), brought an action against respondents Amsoil, its chief financial officer Dennis Sailor (Sailor), and its majority shareholder Albert Amatuzio (Albert), alleging breach of fiduciary duty by Albert as officer, director and majority shareholder of Amsoil, and alleging that Sailor, as officer and director, damaged him by common law fraud and fraudulent misrepresentation. Richard seeks dissolution of the corporation, removal of directors and officers, the appointment of a receiver, an accounting by Albert and Sailor, compensatory damages against Amsoil, Albert and Sailor, and punitive damages against Albert and Sailor.[1] Respondents counterclaimed, alleging malicious prosecution, defamation of Sailor, harassment, assault, breach of fiduciary duty, and unjust enrichment.

Respondents moved the trial court to dismiss the action on the grounds there was no jurisdiction. Following a hearing on December 22, 1986, at which several motions were heard, the trial court granted respondents' motion to dismiss appellant's claims on the basis that it has no subject matter jurisdiction; and on its own motion the court dismissed respondent's counterclaims for lack of subject matter jurisdiction.

We reverse and remand for trial.

## FACTS

LifeLube was a Minnesota corporation for the production of synthetic motor oil. Its successor, Amsoil, was also incorporated in Minnesota. However, in July 1978, Amsoil was incorporated in Delaware. The company's principal place of business is in Superior, Wisconsin. Amsoil also does business in Minnesota. Albert and Richard are residents of Minnesota. Sailor is a resident of Wisconsin.

Albert and Richard are brothers. Richard owns 40% of Amsoil; Albert owns the remaining 60% of the corporation.[2] The Amatuzios own a number of other businesses, some of which are related to the production and distribution of synthetic motor oil.

In the mid 1970's Richard brought an action against Albert. At that time, Albert questioned Richard's ownership of 40% of the stock, claiming Richard had not given any consideration for the stock. That litigation ended in settlement early in 1977.

In 1985, Richard initiated the present action in Minnesota. Richard now alleges that Albert and Sailor together mismanaged Amsoil and related companies, misapplied and wasted company assets, abused authority, and persisted in unfairness and oppression toward Richard as sole minority shareholder.[3] Respondents counterclaimed, alleging defamation, malicious

---

1. This is according to Richard's first amended complaint. Richard relies heavily on his second amended complaint. It is not clear from the record if Richard's motion to amend the complaint was ever granted.

2. The trial court found the exact percentage of stock ownership remains in dispute.

3. We point out that in an action such as this, where there is an allegation of mismanagement and misappropriation of funds, the corporation's position may be adverse to that of its directors and officers. *See Bokat v. Getty Oil Co.,* 262 A.2d 246, 249 (Del.1970) (when injury to corporate stock falls equally upon all stockholders, individual stockholder must seek recovery derivatively in behalf of corporation). *But see Tasler v. Peerless Tire Co. of America,* 144 Minn. 150, 174 N.W. 731 (1919) (where alleged wrongdoers include managing officers and majority of shareholders, application to them to bring suit against themselves may be fruitless). Consequently, the trial court may have to deal with ethical problems arising out of representation of the corporation and its directors and officers by the same counsel. *Cannon v. U.S. Acoustics Corp.,* 398 F.Supp. 209, 215 (N.D.Ill. 1975) (There exist potential conflict of interest and potential of compromised confidentiality), *affirmed in part, reversed in part,* 532 F.2d 1118 (7th Cir.1976).

prosecution, harassment, assault, unjust enrichment, and breach of fiduciary duty.

On respondents' motion, the trial court dismissed Richard's claims. The court, sua sponte, dismissed respondents' counterclaims on the basis that it had no subject matter jurisdiction. The court concluded:

> the principal relief sought by the parties, if granted, would require this court to exercise visitorial powers over the internal affairs of a foreign corporation *not* domiciled in Minnesota. Therefore, pursuant to Rules 12.02(1), 12.08(3), 41.01(2), 41.02(3), and 41.03, this Court now dismisses the actions found in plaintiff's amended complaint and defendant's amended counterclaim for lack of subject matter jurisdiction, and without prejudice to any party named in the captioned matter.

Additionally, the court concluded that in the interest of judicial economy, comity and equity, it would not sever the parties' claims, since that would cause a multiplicity of actions.

Richard appeals dismissal of his claims, and respondents challenge the trial court's dismissal of their counterclaims. On April 7, 1986, appellant served upon respondents a summons and complaint pertaining to a Wisconsin action asserting claims similar to those in the Minnesota action.

### ISSUE

Did the trial court err by dismissing appellant's and respondents' claims for lack of subject matter jurisdiction?

### ANALYSIS

We grant discretionary review of the trial court's dismissal of this case. The trial court based its conclusion of no subject matter jurisdiction primarily on the fact that Amsoil is a Delaware corporation, with its principal place of business in Wisconsin, and is not a domiciliary of Minnesota. The court did not know the full extent of Amsoil's Minnesota property holdings.[4] Even

with all parties conceding personal jurisdiction, the trial court ruled that Minnesota courts had no subject matter jurisdiction. To reach this conclusion, the trial court relied on a line of Minnesota cases beginning at the turn of the century.

> The doctrine is well settled that courts will not exercise visitorial powers over foreign corporations, or interfere with the management of their internal affairs. Such matters must be settled by the courts of the state creating the corporation. This rule rests upon a broader and deeper foundation than the mere want of jurisdiction in the ordinary sense of that word. It involves the extent of the authority of the state * * * over foreign corporations.

*Guilford v. Western Union Telegraph Co.,* 59 Minn. 332, 339–40, 61 N.W. 324, 325 (1894); *see also Rogers v. Guaranty Trust Co.,* 288 U.S. 123, 130, 53 S.Ct. 295, 297, 77 L.Ed. 652 (1933) (courts of one state will decline to interfere with, or control management of, internal affairs of corporation organized under the laws of another state, but will leave controversies to state of domicile); *Lind v. Johnson,* 183 Minn. 239, 236 N.W. 317 (1931) (courts have no visitorial powers over foreign corporations); *State v. De Groat,* 109 Minn. 168, 123 N.W. 417 (1909) (no jurisdiction to issue a writ of mandamus if the act to be compelled pertains to purely internal affairs, but there was jurisdiction to order foreign corporation to open to a shareholder the books and records within the state).

■ Visitorial powers over the internal affairs of a foreign corporation are acts of examining the affairs of a corporation. *Lind,* 183 Minn. at 241, 236 N.W. at 318. They include enforcement of forfeiture of charter, removal of officers, authority over corporate function, direction of the manner of corporate business, and claims directors acted improperly in carrying out their duties. *Tasler,* 144 Minn. at 153, 174 N.W. at 732 (1919).

---

4. Appellant contends the record before the court contained sufficient information to inform the court of Amsoil's Minnesota holdings and activities. The cited exhibits do not, however, set out the full extent of Amsoil's assets or the state in which they are located.

Although a court will not ordinarily interfere in the internal affairs of a foreign corporation, it may have jurisdiction to do so in the exercise of sound discretion. *Bellevue Gardens, Inc., v. Hill,* 297 F.2d 185, 187 (D.C.Cir.1961). *See also Sanders v. Pacific Gamble Robinson Co.,* 250 Minn. 265, 84 N.W.2d 919 (1957) (court did not abuse judicial discretion when it compelled inspection of books and records of foreign corporation, although the books were not located in forum state); *Farmers Educational and Co-Operative Union of America, Minnesota Division v. Farmers Educational and Co-Operative Union of America,* 207 Minn. 80, 289 N.W. 884 (1940) (Minnesota court "properly exercised sound judicial discretion" by dismissing suit foreign corporation, which, by its general appearance and prayer for general and affirmative relief, gave the court subject matter jurisdiction). *See generally,* 17 W. Fletcher, Cyclopedia of the Law of Private Corporations § 8425 (rev. perm. ed. 1977).

At least some of the requested relief in this case intimately affects the internal affairs of Amsoil. Appellant seeks an order which, among other things, suspends and removes Albert and Sailor as officers and directors of Amsoil, appoints a receiver for Amsoil and its assets, liquidates and divides among the shareholders the property and assets of Amsoil. Respondents in their counterclaim seek, among other relief, rescission of stock issuances or equitable rights in Amsoil to appellant, and a declaratory judgment that appellant is not a shareholder in Amsoil.

The determination whether to assert jurisdiction

> is a question of the balance of convenience, of whether considerations of public policy, efficiency, expedience and justice to all parties interested demand that jurisdiction be retained in the foreign court, or that it be declined under the rule of forum non conveniens.

*Id. See also Lonergan v. Crucible Steel Co. of America,* 37 Ill.2d 599, 229 N.E.2d 536 (1967) (acceptance or denial of jurisdiction should be decided under doctrine of forum non conveniens, and internal affairs of corporation is only one of the factors to be considered).

Even if a court has jurisdiction, it may decline to exercise that jurisdiction if the matter should be left to another court. *Matter of Florance,* 360 N.W.2d 626, 629–30 (Minn.1985).

> [I]t is well within the power of the court, in the interests of justice, to decline to exercise its jurisdiction where upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in another forum.

17 W. Fletcher, § 8425.

The trial court made findings in accordance with these criteria. It found that Amsoil's only shareholders, Albert and Richard, reside in Minnesota; that Albert is a director and officer of Amsoil; that Sailor is an officer, director and employee of Amsoil and resides in Wisconsin; that most or all of Amsoil's corporate records have been made available to appellant in Minnesota; and that the requested relief includes removal of officers and directors, appointment of a receiver, dissolution of the corporation, an accounting of assets transferred to Amsoil by Amo Express, compensatory and punitive damages, and rescission of appellant's stock and his equitable rights in Amsoil.

■ The trial court found the requested relief would require it to improperly exercise visitorial powers over a foreign corporation not domiciled in Minnesota. However, even if the complaint had asked for some forms of relief the trial court has no jurisdiction to grant, this would not "destroy a cause of action well pleaded." *Tasler,* 144 Minn. at 153, 174 N.W. at 732 (court properly appointed receiver for property of South Dakota corporation, but limited receiver's authority to property within Minnesota).

■ We hold that here, the trial court should have made its determination on the basis of forum non conveniens, rather than on the basis of subject matter jurisdiction. The doctrine of forum non conveniens does

permit the trial court, even when processing jurisdiction, to decline jurisdiction in the exercise of its discretion when it appears that it is more appropriate to try the case in another forum. *Matter of Florance*, 360 N.W.2d 626, 630 (Minn.1985) (citing *Hague v. Allstate Insurance Co.*, 289 N.W.2d 43, 45 (Minn.1978), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521, *reh'g denied*, 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981)).

When invoking the rule of forum non conveniens, the court should consider the following factors:

[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; * * and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions of the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. * * * But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Hague*, 289 N.W.2d at 46 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

 The court found that the only two shareholders are Minnesota residents; that most of Amsoil's records are in Minnesota; that Sailor is a Wisconsin resident; and that Amsoil is incorporated in Delaware. These findings would support a conclusion that Delaware is not the preferred forum, where Delaware's only nexus to this action is by virtue of being the state of incorporation. There is no indication respondents or appellant have any connections with the state of Delaware, other than the fact of Amsoil's incorporation there. Furthermore, Albert's and Richard's Minnesota residency, the presence of the corporate books and records here, both brothers' use of Minnesota law firms and accountants, and the business Amsoil does in Minnesota, all militate in favor of a Minnesota forum. The inconvenience, if any, to respondents of having to defend this action in Duluth is de minimis compared with that of transferring the entire action to the State of Delaware.

Respondents point out that, since Amsoil is a Delaware corporation, at least some of the issues raised must be decided in accordance with Delaware law. *See Weiss v. Kay Jewelry Stores, Inc.*, 470 F.2d 1259, 1268 (D.C.Cir.1972). *Cf. Hague*, 289 N.W.2d 43. Minnesota courts are empowered to employ, at times, the law of foreign jurisdiction. The fact that Delaware, and conceivably Wisconsin, law must be applied is no reason, by itself, for a Minnesota court to decline jurisdictions. *In re Florance*, 360 N.W.2d at 631.

## DECISION

The trial court erred by dismissing this action on the basis of no subject matter jurisdiction.

Reversed and remanded.