## PAULETTE B. HARRISON FOWNES AND OTHERS v. HUBBARD BROADCASTING, INC.

225 N. W. 2d 534.

January 10, 1975—No. 44938.

*Leonard, Street & Deinard, Sidney Barrows, Melvin H. Siegel,* and *Lowell J. Noteboom,* for appellant.

*Faegre & Benson, George D. McClintock, Lawrence C. Brown,* and *J. W. Snider,* for respondents.

Heard before Sheran, C. J., and Otis, Todd, Yetka, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from an order of the Hennepin County District Court directing that a peremptory writ of mandamus be issued commanding defendant, Hubbard Broadcasting, Inc., to make available for inspection by the petitioners certain books and records of the corporation. We affirm.

Petitioners in this case are several trustees who together hold a block of voting and non-voting stock amounting to 22 percent of the outstanding shares of defendant close corporation, which is primarily engaged in the business of broadcasting, owning several television and radio stations in the Twin Cities and elsewhere.

During late 1972 and early 1973, petitioners and the corporation discussed the possibility of redemption of all the common stock held by petitioners, tentatively agreeing on a price of $3.57 per share. Petitioners later raised their price, first to $7.14 and then to $11.29 per share, both of which were rejected by the defendant as exorbitant.

Then, on March 14, 1973, by letter, petitioners demanded the right to examine the share register, books of account, and records of the proceedings of the shareholders and directors, relying upon the authority given in Minn. St. 301.34, subd. 5.[1] The corporation refused this request, instead furnishing the petitioners copies of audit reports for the period June 30, 1967, through June 30, 1972. Again in May and September 1973, petitioners demanded to see the books and records. These requests were also refused.

On October 18, 1973, petitioners filed their petition for alternative writ of mandamus, which was issued. After the defendant filed its return and answer, the petitioners filed a motion for judgment on the pleadings. After both parties submitted affidavits, Judge Rolf Fosseen of the Hennepin County District Court heard arguments on the motion. On February 7, 1974, after considering this as a motion for summary judgment,[2] he

---

[1] Minn. St. 301.34, subd. 5, provides: "Every shareholder and every holder of a voting trust certificate shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper purpose, and at the place or places where usually kept or at such other place as the court may order, the share register, books of account and records of the proceedings of the shareholders and directors, and to make extracts therefrom."

[2] Rule 12.03, Rules of Civil Procedure, treats the motion for judgment on the pleadings as one for summary judgment under Rule 56.

issued his order granting petitioners' motion and directing that a peremptory writ of mandamus be issued commanding Hubbard Broadcasting, Inc., to permit petitioners to inspect its books and records. The order was stayed pending this appeal.

The only issue which we have to decide is whether the corporation has shown enough facts to establish that inspection was sought for an improper purpose.

The right to inspect corporate books and records is guaranteed to shareholders by statute, § 301.34, subd. 5, and § 300.32.[3] These laws derive from the long standing common-law rule which allowed inspection at reasonable times and places, and for proper purposes. State ex rel. Humphrey v. Monida & Y. Stage Co. 110 Minn. 193, 124 N. W. 971 (1910). To enforce this right, the remedy of mandamus is available to force a corporate defendant to comply. Defendant is correct in stating that mandamus will not be issued to enforce the mere naked right of inspection or to gratify idle curiosity, but that it is necessary for a petitioner to set out the interest at stake rendering an inspection necessary. State ex rel. Gustafson Co. v. Crookston Trust Co. 222 Minn. 17, 22 N. W. 2d 911 (1946). We have interpreted this to mean that a prima facie case of good faith purpose is achieved by the mere allegation in the petition that the information sought is for a proper purpose. Nationwide Corp. v. Northwestern Nat. Life Ins. Co. 251 Minn. 255, 87 N. W. 2d 671 (1958).

As we view the petition filed, petitioners' stated purposes for wanting to inspect the various books and records is to place an accurate value on their shares of stock, and to evaluate the conduct and affairs of the corporation's officers and majority shareholders so as to determine the effects on the financial condition of Hubbard Broadcasting, Inc. These are all proper purposes,

---

[3] Minn. St. 300.32 states in pertinent part: "All such books and records shall, at all reasonable times and for all proper purposes, be open to the inspection of any stockholder."

and are sufficient to compel inspection until rebutted by evidence of improper motive or purpose.

In response, defendant argues that petitioners' real purpose is retribution and harassment in order to compel the corporation to buy their stock at an exorbitant price. It also claims that petitioners are forcing the corporation to "go public" against its wishes and against the wishes of the majority of the stockholders. These alleged improper purposes must be shown in enough specificity to entitle defendant to a jury trial on the issue. However, our examination of the return and answer, plus the lengthy affidavit of Stanley S. Hubbard, one of the majority shareholders, fails to reveal any concrete facts to support defendant's allegations. What the corporation relies upon is essentially surmise and speculation, which cannot be relied upon in meeting its burden of showing a genuine issue as to a material fact under Rule 56.

Even assuming arguendo that we should hold that defendant has initially shown an "improper" purpose for inspection to get to the jury, as a matter of law petitioners would still, in our view, be entitled to mandamus.

Regarding the claim of retribution and harassment, defendant attempts to prove this by the repeated requests made to examine the books and records which, it claims, petitioners had already seen. On the contrary, as we search the record all that defendant furnished petitioners were certain audit reports, material far different from the items sought to be examined. Even so, the statutes permit multiple examinations of the same corporate books and records. Also, the right of inspection cannot be qualified by the necessity for it. Where the right exists, refusal cannot be justified by offering a substitute, or on the ground that the information may be obtained from other sources, or that it is not needed, or that the petitioner has recently been allowed inspection. 5 Fletcher, Cyc. Corp. (Perm. ed.) § 2246 et seq., and cases cited therein. In addition, several of our cases have held that even where there is some evidence of hostility between the

parties, a threatened lawsuit, or an attempt to gain control or force the corporation to redeem stock at a high price, these alone will not prevent mandamus from being issued to allow inspection. Sanders v. Pacific Gamble Robinson Co. 250 Minn. 265, 84 N. W. 2d 919 (1957) ; Nationwide Corp. v. Northwestern Nat. Life Ins. Co. *supra.*

One point needs to be mentioned. In its brief and in argument before this court, defendant intimated the fear that inspection of its books and records could possibly lead to the dissemination of information contained therein to business competitors—information of a private, confidential nature necessary to its remaining competitive in the communications industry. We do not mean to indicate in any way that this fear is groundless when we say that this fear can be alleviated by the lower court's use of protective orders governing the examination and/or copying of defendant's books and records.

Since we do not wish to overturn a judge's decision where it was correctly based on a full consideration of the facts and circumstances of the case, we hold that the peremptory writ of mandamus was properly issued for petitioners based on the proper purposes alleged for inspection of the corporate records.

Affirmed.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.