**Donald J. KUCHENMEISTER,**
**Respondent,**

v.

**ILLINOIS FARMERS INSURANCE**
**COMPANY, Appellant.**

**Nos. 51803, 51906.**

Supreme Court of Minnesota.

Sept. 18, 1981.

Thomas J. Lyons, St. Paul, Hvass, Weisman & King and Gary Stoneking, Minneapolis, for respondent.

Thomas M. Conlin, Lawrence King, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

SHERAN, Chief Justice.

This is an appeal from an order of the Washington County District Court denying appellant's motion for amended findings of fact, conclusions of law, order for judgment, and, in the alternative, for a new trial as well as an appeal from the original decision. The issues are whether the insurer made the statutorily required offer of underinsured motorist coverage and, if not, whether the insurer is entitled to a jury trial to determine whether the insured would have accepted the offer had it been made. The trial court decided both issues in favor of the insured. We affirm.

In 1977, respondent-insured was involved in a car accident and sustained injuries in excess of the value of the other party's automobile insurance coverage. Insured had automobile insurance policies written by the appellant company (insurer) in effect at the time of the accident. These policies did not include underinsured motorist protection.

Insured instituted a declaratory judgment action seeking a determination that the insurer failed to make the statutorily required offer of underinsured motorist coverage to insured and that, as a result, the insured had in effect at the time of the accident underinsured motorist coverage equal to the residual liability amount of each automobile insurance policy held by him. *See* Minn.Stat. § 65B.49, subd. 6 (1978) (repealed 1980). Finding that no offer of underinsured motorist coverage had been made, the trial court held that inclusion of the coverage in insured's policies would be implied in law.

Minn.Stat. § 65B.49, subd. 6 (1978) (repealed 1980), required that insurers offer underinsured motorist coverage to their insureds. That statute provided as follows:

Subd. 6. Mandatory offer; added coverage. *Reparation obligors shall offer* the following optional coverages in addition to compulsory coverages:

\* \* \* \* \* \*

(e) Underinsured motorist coverage.

*Id.* (emphasis added.)[1] The insurer carries the burden of proving that an offer was made and failing to carry that burden will result in that coverage being implied in law as existing in insured's automobile policy. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 248 (Minn.1980). "The implicit conclusion, that the insurer must introduce sufficient evidence of its efforts to offer the supplementary coverages to its insured, is particularly sound in light of the fact that § 65B.49, subd. 6, now requires that insurers shall offer not merely 'make available' the optional coverages but 'shall offer' them." *Id.* at 249. This changed language reflects a "firmer legislative policy" in favor of the additional coverages. *Id.* Therefore, the circumstances in which an insured is said to have rejected optional coverage will be strictly scrutinized by the court. *Id.*

At trial, the insurer argued that the offer was made in two ways: verbally by the insurance agent at the time the policy was written; by means of the following message typewritten on the renewal premium notices mailed to respondent:

> Did you know that you may now have underinsured motorist and/or uninsured motorist coverage in amounts up to your bodily injury liability limits. If interested, contact your agent.

1. *Verbal Offer.*

The insurance agent testified that after being contacted by the insured, he visited insured at the insured's place of employment to write up the policy. At that time, insured provided him with a copy of his current policy with another insurer and informed the agent that he was interested in obtaining the same coverage. While the agent could not specifically remember offering insured underinsured coverage, he testified that it was his practice to offer the coverage and, therefore, he must have offered it to the insured. In support, the insurer offered into evidence a directive from the company to the agent that all agents make the statutorily required offer of underinsured coverage.

The insured's testimony concerning the "verbal offer" was to the contrary. He testified that the agent did not visit him at his place of employment to write up the policy. Rather, the details about coverage were worked out over the phone. Insured informed the agent that he wanted the same type of coverage he presently enjoyed. Insured stated that no offer of underinsured coverage was made by the agent, that the agent merely quoted him the price of coverage identical to his previous coverage which did not include underinsured coverage.

In sum, the trial court was presented with two contrary accounts of the circumstances surrounding the (writeup) of respondent's policy. That the court found respondent's version more credible is not clearly erroneous.

2. *Written Offer.*

The following language appeared at the bottom of the premium renewal notices received by insured. "Did you know that you may now have underinsured motorist and/or uninsured motorist coverage in amounts up to your bodily injury liability limits. If interested, contact your agent." Insurer argues that this message is sufficient to effect compliance with the statutory requirement that the insurer "shall offer" underinsured motorist coverage. We do not agree.

The message printed on the bottom of the premium notice was, at best, vague. It gave no explanation of underinsured motorist coverage and how it differed from uninsured coverage. Respondent, in the instant case, stated that he only glanced over the message. Thinking it related to uninsured motorist coverage, a coverage included in his policy, he did not carefully scrutinize it. Perhaps in the broadest sense the message constituted an offer. It is, however, far from being a meaningful offer.

Contrary to the argument advanced by insurer, when the trial court determines

---

1. The "shall offer" language represented a change from the previous statute which required that insurers "make available" underinsured motorist coverage. Minn.Stat. § 65B.25 (1971) (repealed 1974).

that the statutorily mandated offer of insurance has not been made, that coverage is implied in law as included in the insured's policy at the time of the accident. 288 N.W.2d at 248. The insurer has no right to a jury trial to determine whether the insured would have purchased the coverage. Not only would that determination be too speculative, it would allow insurers to circumvent the intent of the legislature.

Affirmed.