**Lyle J. BURG, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

**No. C5–84–648.**

Court of Appeals of Minnesota.

Oct. 30, 1984.

James W. Buckley, Mary E. Christenson, Minneapolis, for appellant.

Eric J. Magnuson, Jeanne H. Unger, Minneapolis, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Lyle J. Burg, appellant-insured, appeals the trial court's grant of respondent-Illinois Farmers Insurance Company's (Farmers') motion for summary judgment in a suit for underinsured motorist coverage. Burg claims that he is entitled to have underinsured motorist coverage read into his insurance policy under Minn.Stat. § 65B.49, subd. 6(e) (1978) for injuries received in an accident with an underinsured motorist. In the alternative, Burg argues his request for a policy providing "full coverage" raised a question of fact which precluded summary judgment. We disagree and affirm the trial court's grant of summary judgment for respondent Farmers.

## FACTS

For purposes of review we assume the facts favoring Burg are true. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954). On October 7, 1981, an underinsured vehicle collided with the motorcycle Lyle Burg was riding. The value of Burg's injuries exceeded the other motorist's liability insurance limits. Burg's insurer, Farmers, had never offered Burg underinsured motorist coverage.

Since 1975 Burg insured a number of vehicles with Farmers. When Burg renewed and transferred his policy from his Gran Prix vehicle to another vehicle in September 1981, he requested that Farmers provide him with "full coverage." A discrete box in Burg's policy application indicated protection against uninsured motorists. The application had no box for underinsured motorist coverage and the box for "other" coverage was left blank. Burg's signature, dated September 22, 1981, appeared at the bottom of the application.

In his affidavit Burg alleged he told Farmers that he wanted the same coverage as on the Gran Prix and that he wanted "full coverage." The Gran Prix had no underinsured motorist coverage.

## ISSUES

1. When an insurance company fails to offer underinsured motorist coverage, may the coverage be read into the insured's policy under Minn.Stat. § 65B.49, subd. 6(e) (1978) even though the insured purchased or renewed the policy after the statute's repeal date?

2. When defendant moves for an order to dismiss plaintiff's entire complaint, and at the hearing on the motion neither the parties nor the court discuss one of plaintiff's theories of recovery, may the trial court grant full summary judgment against plaintiff?

3. Did the trial court properly grant summary judgment for defendant on the meaning of Burg's request for "full coverage" and the obligation of Farmers to determine the meaning of the request?

## ANALYSIS

1. Burg claims Farmers' failure to offer him underinsured motorist coverage requires that the coverage be read into his policy under Minn.Stat. § 65B.49, subd. 6(e) (1978) even though the statute was repealed effective April 12, 1980. *See,* 1980 Minn.Laws ch. 539, § 7. Burg asserts that policies purchased prior to April 12, 1980, and renewed continuously thereafter are unaffected by the repeal of section 65B.49, subd. 6(e). Burg also argues the Minnesota General Savings Clause, Minn.Stat. § 645.35 (1982), authorizes reformation of his policy.

We find the issues raised by Burg's argument controlled by a recent supreme court decision which held that renewal creates an entirely new and independent contract of insurance and that the general savings clause does not apply to a situation such as we face here. *Hauer v.*

*Integrity Mutual Insurance Company,* 352 N.W.2d 406 (Minn.1984).

 2. Burg alleges Farmers moved for dismissal of only Count I, and not Count II, of Burg's complaint and therefore the trial court's grant of full, rather than partial, summary judgment constituted error. Farmers, however, moved for dismissal of Burg's entire complaint; the motion neither distinguished nor mentioned Counts I and II. The trial court therefore acted properly in granting summary judgment against all theories of recovery set forth in the complaint, regardless of which issues were actually discussed at the hearing on the motion.

3. Burg alleged in Count II of his complaint that he asked Farmers to write him a policy providing "full coverage." Burg argues Farmers had a duty to inquire about what Burg meant by "full coverage." Agents should make the effort to explain the advantages of optional coverages. Nevertheless, under these facts Burg's contention is without merit.

 Burg's request for full coverage when viewed by itself raises a question of fact on his intent to gain underinsured motorist coverage. *Contra Flowers v. Wells,* 602 S.W.2d 179, 181 (Ky.Ct.App.1980). When viewed with other uncontested facts, however, his intent appears clear. The documents confirm that by requesting "full coverage" he meant to obtain the same coverage he had on previous policies, none of which contained underinsured motorist coverage. The application for the insurance policy in effect on the accident date showed Burg wanted continued uninsured motorist coverage. Although the application did not have a special box for underinsured motorist coverage, the box for "other" coverage was left blank. Burg apparently intended the coverage indicated on the application for his signature appeared at the bottom of the application.

Further, in his affidavit Burg alleged he told Farmers he wanted the same coverage as on the Gran Prix. The Gran Prix had no underinsured motorist coverage, indicating Burg did not expect to receive underinsured coverage when he asked for "full coverage." Furthermore, evidence indicates Burg never asked explicitly for underinsured motorist coverage for any of his several vehicles. An issue of fact must be genuine and cannot arise purely from surmise or speculation. *Fownes v. Hubbard Broadcasting, Inc.,* 302 Minn. 471, 474, 225 N.W.2d 534, 536 (1975). Accordingly, we find Burg failed to raise a genuine issue of material fact regarding the meaning of "full coverage."

### DECISION

The trial court properly granted summary judgment for respondent Farmers.

Affirmed.