356 N.W.2d 832 (1984)
Gary Lee SQUIER, et al., Appellants,
v.
MILWAUKEE MUTUAL INSURANCE COMPANY, Respondent.
No. C6-84-786.
Court of Appeals of Minnesota.
October 30, 1984.
Review Denied February 6, 1985.
*833 Douglas P. Kempf, James D. Kempf, Douglas P. Kempf, Bloomington, for appellants.
Willard L. Converse, David Anderson, Peterson, Bell & Converse, St. Paul, for respondent.
Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

OPINION
LESLIE, Judge.
This is an appeal from a summary judgment entered in favor of the respondent Milwaukee Mutual Insurance Company. The trial court determined that the respondent had made an adequate offer of underinsured motorist coverage to the appellants, which they had failed to accept. We affirm.

FACTS
Appellant LaVonne Squier was injured in a two-car automobile accident which occurred in December 1979. She collected the full limits of the other driver's insurance policy, but that coverage was insufficient to fully compensate her for her damages. She did not have underinsured motorist coverage. In June 1982, she and her husband commenced this action against the respondent-insurer, claiming that they had never received a valid offer of underinsured motorist coverage and that therefore their policy should be amended as a matter of law to include this coverage.
After completing discovery, both parties moved for summary judgment, and the trial court granted the respondent's motion, finding that information contained in a brochure which the respondent had mailed to the appellants constituted a meaningful and adequate offer of underinsured motorist coverage.

ISSUE
Whether the respondent insurer made an offer of underinsured motorist coverage which included sufficient information concerning the availability of and costs associated with that coverage.

ANALYSIS
Minn.Stat. § 65B.49, subd. 6 (1978), repealed in 1980 but in effect at the time of the appellant's accident, required that insurers offer underinsured motorist coverage to their insureds. That statute read, in relevant part:
Subd. 6. Mandatory offer; added coverage. Reparation obligors shall offer the following optional coverages in addition to compulsory coverages:
* * * *
(e) Underinsured motorist coverage * * *
The offer itself must be a meaningful one. Kuchenmeister v. Illinois Farmers Ins. Co., 310 N.W.2d 86 (Minn.1981). If an insurer has failed to offer this optional *834 coverage, a court may impose coverage by operation of law. Holman v. All Nation Ins. Co., 288 N.W.2d 244, 250 (Minn.1980).
In Hastings v. United Pacific Ins. Co., 318 N.W.2d 849 (Minn.1982), the Minnesota Supreme Court listed four requirements for a valid offer of underinsured motorist coverage: (1) the method of notification must be commercially reasonable; (2) the limits of the coverage must be specified and not merely offered in general terms; (3) the insurer must intelligibly advise the insured of the nature of the coverage; and (4) the insurer must apprise the insured of the fact that coverage is available for a "relatively modest" increase in the premium. Id., 318 N.W.2d at 851-53.
The appellants challenge the respondent-insurer's brochure, claiming that it does not contain an adequate offer of underinsured motorist coverage as defined by Hastings. Although the respondent defends its brochure by examining each of the four criteria listed in Hastings, the appellants claim only that the brochure fails to meet the fourth Hastings concern, which requires that an offer state that underinsured motorist coverage is available for a "relatively modest" increase in premium. Whether or not a valid offer of underinsured motorist coverage was included in the respondent's brochure is a legal conclusion which may be reached by this court on appeal, since all evidence is contained in the documents themselves. Maher v. All Nation Ins. Co., 340 N.W.2d 675, 678 (Minn. Ct.App.1983).
The respondent's brochure indicates that a buyer can obtain various types of additional optional insurance "at reasonable costs," listing those options as:
 Higher bodily injury liability limits
 Increased personal injury protection
 Underinsured motorist coverage
 Deductibles to reduce cost
 Motorcycle benefits
The appellants argue (a) that "reasonable cost" is not the same as a "relatively modest" increase in premiums, and (b) that "reasonable cost" is a particularly vague term as it is employed in the respondent's brochure, since premium costs will vary dramatically depending upon which of the above optional coverages a buyer may choose.
Our supreme court, upon several occasions, has had an opportunity to examine the requirement that an insurer offer underinsured motorist coverage at a "relatively modest" cost. Although the court has indicated that an insurer may not simply inform the insured that coverage "may be purchased," Hastings, 318 N.W.2d at 853; nonetheless, specific premium rates need not be listed in an offer of the various options. League General Ins. Co. v. Tvedt, 317 N.W.2d 40 (Minn.1982). In addition to the Hastings utilization of the phrase "relatively modest increase" the court has indicated its approval of the phrases "minimal cost," (Holman, 288 N.W.2d at 250) and "small increase in * * premium," (League General, 317 N.W.2d at 43).
The phrase "reasonable cost" which the respondent-insurer has employed in its brochure appears to meet the concern addressed in Hastings, Holman and League General, since "reasonable" may be equated with "relatively modest," "minimal" or "small increase." Although the Minnesota Supreme Court has not defined the term "reasonable" within a similar context, general reference dictionaries define "reasonable" and "modest" in terms which are almost interchangeable. Webster's New Universal Unabridged Dictionary (Delux 2d ed. 1983) defines "reasonable" as "not immoderate; not excessive; not unjust; tolerable; moderate . . .," whereas "modest" is defined as "showing or caused by moderation; not extreme or excessive . . . ." The American Heritage Dictionary, New College Edition (1982) defines "reasonable" as "not excessive or extreme; fair; moderate. . .," and "modest" is defined as "moderate; not extreme." Since these definitions are very similar, the respondent's use of the term "reasonable cost," rather than "relatively modest" cost would appear to meet the fourth Hastings concern.
*835 Appellants cite Randall v. State Farm Mutual Automobile Ins. Co., 335 N.W.2d 247 (Minn.1983) as authority for their claim that an insured must be informed of the approximate cost of underinsured motorist coverage. The Randall case, however, concerned offers of motorcycle insurance coverage, where the increase in premium would not have been "relatively modest" but, rather, would have been relatively high. Randall held that in such a situation, where additional motorcycle insurance would greatly increase the premium, an insured must be informed of the approximate cost of the additional coverage. The Randall rationale is not transferable to the present situation which involves underinsured motorist coverage, since, as noted above, the supreme court has consistently held that offers of underinsured motorist coverage are sufficient if they simply inform the insured that the additional charge will not be high.
The term "reasonable cost" is employed in the respondent's brochure to collectively describe the costs for several types of optional coverages. Because the term "reasonable" is applied to the cost of increased motorcycle coverage (which may be relatively high) as well as underinsured motorist coverage (which is usually relatively low), the appellants argue that in this context the term "reasonable" is misleading and confusing.
Although Minnesota has developed a policy of extending, rather than restricting insurance coverage, Maher, 340 N.W.2d at 679, nonetheless an offer of optional coverage need only give the insured "enough information to make an intelligent decision" about whether or not to purchase the coverage. League General, 317 N.W.2d at 42. (See also Randall, 335 N.W.2d at 251.) While we would prefer that an insurer take the time to personally explain to each policyholder the exact costs which would be required for each type of optional coverage, we recognize that where an insurer chooses to notify its insured's of optional coverages by use of the mail system (a "commercially reasonable process," Jacobson v. Illinois Farmers Ins. Co., 264 N.W.2d 804, 807-808 (Minn.1978)), individual costs of coverage for each type of optional insurance for each policyholder cannot be listed. The supreme court has therefore chosen to allow use of a more general phrase such as "relatively modest" to inform policyholders that additional costs for optional coverages will not be high.
We believe that in the present situation the use of the phrase "reasonable costs" to refer to all types of optional coverages is adequate even though premium costs will differ according to which type of coverage is selected. This conclusion is based in great part upon the fact that the respondent's brochure clearly lists and distinguishes the various options which are available and gives a brief explanation of what each option covers. The format and content of the brochure immediately places the average policyholder upon notice that each option is different, and also communicates by use of the all-inclusive phrase "reasonable costs" the fact that the costs of each type of coverage, although relatively modest, will vary.
We therefore conclude that the respondent's brochure provided the appellants with adequate information concerning the premium cost associated with the optional underinsured motorist coverage.
The parties also disagree whether the respondent's agent made a defective offer of underinsured motorist coverage at the time the appellants requested auto insurance. The trial court chose not to address this issue, holding merely that the respondent's brochures contained a sufficient offer of coverage. We agree with the trial court's decision. Although there is a remote possibility that the offer in the respondent's brochure might have been tainted by an earlier invalid oral offer, the appellants cannot claim to have relied upon that alleged offer, since they have consistently denied any recollection of a conversation with respondent's agent at the time their auto insurance was purchased.

*836 DECISION
The written offer of underinsured motorist coverage contained in the respondent's brochure provided the appellants with sufficient information regarding additional premium costs.
Affirmed.