Daryl J. BERGMANN, Appellant,

v.

LEE DATA CORP., et al., Respondents.

Nos. C6–90–2174, C8–90–2368.

Court of Appeals of Minnesota.

April 2, 1991.

Review Denied May 23, 1991.

Edwin L. Sisam, Sisam & Associates, P.A., Minneapolis, for appellant.

J. Jackson, Elizabeth S. Wright, Dorsey & Whitney, Minneapolis, for respondents.

Considered and decided by PARKER, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

HUSPENI, Judge.

Appellant Daryl Bergmann seeks review of the denial of his petition for a writ of mandamus compelling respondents Lee Data Corporation, John M. Lee, Robert D. Gordon and Warren Simpson to allow inspection of corporate documents pursuant to Minn.Stat. § 302A.461 (1988). We affirm in part and reverse in part.

## FACTS

Appellant was employed as counsel by respondents from 1984 until his termination for alleged sexual harassment in August 1988. Appellant filed, then dismissed, an action against respondents for damages allegedly arising from his termination. He filed a second action against respondents in July 1989, which is pending and alleging defamation, intentional infliction of emotional distress, wrongful interference with contractual relationship, and breach of contract.

Appellant also filed ethical complaints against respondents' in-house counsel and three Dorsey & Whitney attorneys. He asserted the Dorsey & Whitney attorneys should not represent respondents in his lawsuit because appellant discussed the matter with one of them before his termination. The Lawyers Professional Responsibility Board decided in all four cases that discipline was not warranted.

In February 1989, appellant presented a stockholder proposal to respondents. The proposal alleged the company's chairman

> may have breached his obligations to stockholders and employees by recommending the repricing of stock options for management employees without regard to performance, or by allowing discriminatory practices against minority and female employees.

The proposal called for disclosure of information on repricing of stock options and provided for the retention of a consultant to investigate possible discriminatory employment practices and to determine if the chairman breached his duties to stockholders or employees.

In July 1989, appellant served interrogatories on respondents in the pending employment action, requesting information on all charges of discrimination or sexual harassment made against respondents, including the procedures followed in taking, investigating, and acting on complaints of sexual harassment.

Two days later, appellant requested corporate records as a stockholder pursuant to Minn.Stat. § 302A.461 (1988). He sought the current share register, articles, bylaws, copies of records relating to indemnification of attorney fees or damages in connection with lawsuits against respondents' employees, and records relating to stock options. He also requested information regarding sexual harassment and discrimination complaints against respondents, the number of female and minority employees in several job categories, records relating to remedial actions taken to eliminate discrimination and sexual harassment, and records relating to respondents' payment of attorney fees or damages for culpable employees. The request listed identification and evaluation of alleged misconduct by respondents' officers as purposes for which each type of information was requested.

In response to appellant's request for documents, respondents sent a shareholder list, a list of directors and certain other records. It refused to send additional requested records. Appellant then filed a petition for writ of mandamus. The trial court denied the petition and also awarded respondents $3,989.33 in costs, disbursements, and attorney fees. Appellant's appeal from both judgments has been consolidated.

## ISSUES

1. Did appellant become entitled to corporate documents by merely stating a proper purpose?

2. Did the trial court abuse its discretion in awarding attorney fees to respondents?

## ANALYSIS

### I.

■ The scope of this court's review "is limited to a determination of whether the trial court's findings are clearly erroneous, either without substantial evidentiary support or based on an erroneous conclusion of law." *Warthan v. Midwest Consol. Ins. Agencies,* 450 N.W.2d 145, 147 (Minn.App. 1990) (footnote omitted). This court need not defer to the trial court's ultimate conclusions of law. *Durfee v. Rod Baxter Imports,* 262 N.W.2d 349, 354 (Minn.1977).

### a. *Pre–1985 Law*

Minn.Stat. § 302A.461 (1984) originally enacted in 1981, provided:

**Subd. 4. Right to inspect.** (a) A shareholder, beneficial owner, or a holder of a voting trust certificate has an absolute right, upon written demand, to examine and copy, in person or by a legal representative, at any reasonable time:

(1) The share register; and

(2) All documents referred to in subdivision 2.

(b) A shareholder, beneficial owner, or a holder of a voting trust certificate has a right, upon written demand, to examine and copy, in person or by a legal representative, other corporate records at any reasonable time only if the shareholder, beneficial owner, or holder of a voting trust certificate demonstrates a proper purpose for the examination. A 'proper purpose' is one reasonably related to the person's interest as a shareholder, beneficial owner, or holder of a voting trust certificate of the corporation.

Documents referred to in subdivision 2 include amended articles and bylaws, records of shareholder and board proceedings, certain financial statements, reports made to shareholders, names and addresses of directors and principal officers, voting trust agreements, and shareholder control agreements. Minn.Stat. § 302A.461, subd. 2 (1984).

The reporter's comment to the pre–1985 version of the statute notes that the Dela-

ware definition of "proper purpose" was adopted. The comment further provides:

Examples of a 'proper purpose' are: valuation of shares; determination of management competence; and communication with other shareholders for a number of purposes.

Minn.Stat.Ann. § 302A.461 reporter's note (1981) (General Comment). The comment notes that the adoption of section 302A.461 did not change the definition of proper purpose set forth in *Fownes v. Hubbard Broadcasting, Inc.,* 302 Minn. 471, 473, 225 N.W.2d 534, 536 (1975) (*Fownes I*). *Id.* In *Fownes I,* the Minnesota Supreme Court determined the following was a proper purpose:

[T]o place an accurate value on [stockholders'] shares of stock, and to evaluate the conduct and affairs of the corporation's officers and majority shareholders so as to determine the effects on the financial condition of [the corporation].

*Fownes I,* 302 Minn. at 473, 225 N.W.2d at 536.

*Fownes I* also set forth the burdens applicable to assertion of a proper purpose. First, the petitioner must establish "a prima facie case of good faith purpose" by alleging in the petition that the information is sought for a valid purpose. Second, the corporation can defeat the prima facie case by showing petitioner's true purpose is improper. *Id.* The corporation must allege "facts tending to establish" the records are not sought for a proper purpose. *Nationwide Corp. v. Northwestern Nat'l Life Ins. Co.,* 251 Minn. 255, 263–64, 87 N.W.2d 671, 679 (1958). The corporation has the burden of establishing an improper purpose. *Id.*

### b. *1985 Amendments*

In 1985, the legislature amended section 302.461, subd. 4 to read as follows:

**Subd. 4. Right to inspect.** (a) A shareholder, beneficial owner, or a holder of a voting trust certificate *of a corporation that is not a publicly held corporation* has an absolute right, upon written demand, to examine and copy, in person or by a legal·representative, at any reasonable time:

(1) The share register; and

(2) All documents referred to in subdivision 2.

(b) A shareholder, beneficial owner, or a holder of a voting trust certificate of a corporation that is not a publicly held corporation has a right, upon written demand, to examine and copy, in person or by a legal representative, other corporate records at any reasonable time only if the shareholder, beneficial owner, or holder of a voting trust certificate demonstrates a proper purpose for the examination.

(c) A shareholder, beneficial owner, or a holder of a voting trust certificate *of a publicly held corporation* has, upon written demand stating the purpose and acknowledged or verified in the manner provided in chapter 358, a right at any reasonable time to examine and copy the corporation's share register and other corporate records upon demonstrating the stated purpose to be a proper purpose. The acknowledged or verified demand must be directed to the corporation at its * * * registered office in this state or at its principal place of business.

(d) For purposes of this section, a 'proper purpose' is one reasonably related to the person's interest as a shareholder, beneficial owner, or holder of a voting trust certificate of the corporation.

Minn.Stat. § 302A.461, subd. 4 (Supp.1985) (emphasis added). Respondent Lee Data is a publicly held corporation.

In 1985, the legislature also enacted a new subdivision which allowed corporate protection against the use of released information for improper purposes. Minn.Stat. § 302A.461, subd. 4(b) (Supp.1985).[1]

The trial court applied the pre–1985 version of Minn.Stat. § 302A.461. It determined appellant had an absolute right to inspect the share register and the documents listed in § 302A.461, subd. 2 and that he had been allowed to inspect these documents. However, the trial court applied the *Fownes I* test and found that appellant sought corporate records for an improper purpose. In denying the petition for mandamus, the trial court observed:

[T]his Court is mindful that 'hostility between the parties, a threatened lawsuit, or an attempt to gain control' of a corporation are not sufficient in and of themselves to prevent the showing of a 'proper purpose.'

* * * * * *

[G]iven the context in which the [writ] is sought, [appellant's] requests serve no useful purpose other than the personal interests of [appellant]. * * * The interests [appellant] is pursuing * * * are not those created by reason of his being a shareholder of the company.

Appellant argues that the trial court erred in applying the pre–1985 version of section 302A.461 and that in so doing denied appellant access to documents to which he was absolutely entitled. While we agree that the trial court should have followed the post–1985 version of section 302A.461, we conclude that its decision is sustainable under that statute also, and reject appellant's argument that because his stated purpose was proper, he is entitled to receive all requested documents, and that respondents may seek any protection they deem necessary under new subdivision 4(b).

Review of the legislative history[2] of the 1985 amendments indicates that section 302A.461, subds. 4(a) and (b), were enacted to remedy misuse by shareholders of corporate records and to limit access to records of public corporations unless certain re-

---

**1.** Section 4(b) reads in pertinent part:

A shareholder * * * who has gained access under this section to any corporate record including the share register may not use or furnish to another for use the corporate record or a portion of the contents for any purpose other than a proper purpose. Upon application of the corporation, a court may issue a protective order or order other relief as may be necessary to enforce the provisions of this subdivision.

**2.** Legislative history may be reviewed if ambiguity is present in statutory enactments. *Essling v. Markman,* 335 N.W.2d 237, 240 (Minn. 1983); Minn.Stat. § 645.16 (1990). We believe appellant's arguments regarding the relationship between Minn.Stat. § 302A.461, subd. 4(a) and (b) raise a question of ambiguity.

quirements were met. Under Minn.Stat. § 302A.461, subd. 4(c), shareholders of publicly held corporations no longer have access as of right to the share register and documents listed in subdivision 2. The change mandates that the shareholder's purpose must be considered before any corporate records may be examined.

Under appellant's interpretation of the 1985 amendments to section 302A.461, the mere incantation of a proper purpose by a requesting shareholder would render courts powerless to deny inspection under any circumstances. The ability to compel inspection upon stating a proper purpose, while denying inquiry into the possibility that the stated purpose was not the "actual" purpose, would increase the danger of shareholder mischief. Such result, we believe, could not have been intended by the legislature.

Contrary to appellant's allegations, we conclude a protective order under subdivision b would be available to public corporations in addition to the protection already available under the *Fownes I* test, not in lieu of it. Certainly, there is no indication in either the statute itself or the legislative history which would lead this court to conclude that *Fownes I* is no longer good law.

In this case, appellant's assertion that he sought inspection to investigate alleged officer misconduct and to communicate with stockholders created a prima facie showing of proper purpose, but was rebutted by respondents' evidence that the actual purpose was to improve appellant's position in the pending suit against respondents. This purely personal purpose is improper as not reasonably related to appellant's interest as a shareholder. *See* Minn.Stat. § 302A.461, subd. 4(d) (1988).

Specifically, respondents noted that appellant sought documents concerning sexual harassment and discrimination, including those concerning appellant's termination from employment. Appellant has attacked respondents and their attorneys through litigation and ethical complaints. The SEC allowed respondents to omit a second shareholder proposal from its proxy materials, finding it may be related to appellant's employment grievance. We agree with the trial court that respondents met their burden under *Fownes I* by showing appellant sought records for an improper purpose.

## II.

■ This court may reverse a trial court award of attorney fees under Minn.Stat. § 549.21 and Minn.R.Civ.P. 11 upon a finding that the trial court abused its discretion. *Uselman v. Uselman,* 464 N.W.2d 130, 145 (Minn.1990) (Rule 11); *see Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn. 1982) (Minn.Stat. § 549.21).

In Minnesota,

As a general rule, attorney's fees are not recoverable as an item of damages unless there is a specific contract permitting such recovery or such fees are authorized by statute.

*Dworsky v. Vermes Credit Jewelry,* 244 Minn. 62, 69–70, 69 N.W.2d 118, 124 (1955).

■ Section 549.21 codifies a bad faith exception to the general rule. *Uselman,* 464 N.W.2d at 140. It states a party may be assessed attorney fees if the party

acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Minn.Stat. § 549.21, subd. 2 (1988). Damages under this provision are available "only where the bad faith occurs with respect to the litigation itself, not with respect to the underlying cause of action." *Bank of Elbow Lake v. First State Bank of Ashby,* 439 N.W.2d 53, 56 (Minn.App. 1989). Where sufficient evidence supports an award of attorney fees, the award will not be overturned solely because the trial court findings did not use the language of the statute. *Strand v. Nelson,* 380 N.W.2d 906, 910 (Minn.App.1986).

The record contains evidence showing that appellant sought corporate records for personal reasons. However, we conclude that his petition was filed in the belief that the 1985 amendments to section 302A.461

made corporate records available to stockholders who merely articulate a proper purpose and that corporate protection was sufficiently set forth in § 302A.461, subd. 4b. Although this position did not prevail in the trial court or upon appeal, it was not a totally unfounded one. Therefore, we can discern no basis for an award of attorney fees under Minn.Stat. § 549.21.

■ Rule 11 provides a party can be assessed attorney fees if it files a pleading, motion, or other paper in violation of the required certification that the paper

> is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

Minn.R.Civ.P. 11. Rule 11 is "a mechanism for deterrence rather than a punitive or cost-shifting device." *Uselman*, 464 N.W.2d at 142.

> A Rule 11 sanction should not be imposed when counsel has an objectively reasonable basis for pursuing a factual or legal claim or when a competent attorney could form a reasonable belief a pleading is well-grounded in fact and law.

*Id.* at 143. Again, we find that rule 11 sanctions were not warranted. Appellant's belief that he had a right to inspect corporate documents was not an objectively unreasonable one.

## DECISION

Affirmed in part and reversed in part.